UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15-CV-00083-HBB

TONY MARTIN LAMB                                                      PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                      DEFENDANT

MEMORANDUM OPINION
AND ORDER

BACKGROUND

Before the Court is the complaint of Tony Martin Lamb ("Plaintiff") who is proceeding *pro se* (DN 1).   Plaintiff is seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 15) and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13).   By Order entered September 25, 2015 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

1

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on June 5, 2012 (Tr. 11, 110).  Plaintiff alleged that he became disabled on January 1, 2007 as a result of hypertension, type two diabetes, anxiety, pain in the neck/back, and arthritis in the knees (Tr. 11, 110, 133). Administrative Law Judge Mary Lassy ("ALJ") conducted a video hearing on November 21, 2013, from Paducah, Kentucky (Tr. 28, 30).   Plaintiff participated in the video hearing from Madisonville, Kentucky, and was represented by William Bates, a non-attorney representative. Also present and testifying was James Adams, M.A., an impartial vocational expert.

In a decision dated January 24, 2014, the ALJ observed that Plaintiff's insured status expired on March 31, 2011 (Tr. 13).   The ALJ evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-23).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2007, the alleged onset date (Tr. 13).   At the second step, the ALJ determined that prior to March 31, 2011, Plaintiff's osteoarthritis of the left knee was a "severe" impairment within the meaning of the regulations (Tr. 13).   Notably, at the second step, the ALJ also determined that prior to March 31, 2011, Plaintiff's hypertension, peripheral neuropathy, a disc protrusion at L4-5, anxiety, and arthritis in both hands were "non-severe" impairments within the meaning of the regulations (Tr. 13-15).   At the third step, the ALJ concluded through the date last insured, March 31, 2011, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found through the date last insured, March 31, 2011, Plaintiff had the residual functional capacity to perform little work except he was unable to climb ladders, ropes, or scaffolds; he was able to climb ramps and stairs occasionally, and he was precluded from

2

concentrated exposure to hazards such as machinery and heights (Tr. 15).   Relying on testimony from the vocational expert, the ALJ found through the date last insured Plaintiff was unable to perform any of his past relevant work (Tr. 21).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 22-23).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 22-23).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from the alleged onset date, January 1, 2007, through the date last insured, March 31, 2011 (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 2-4).

## CONCLUSIONS OF LAW

### 1

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 2-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Therefore, the Court's review will be limited to determining whether the findings that Plaintiff is challenging in the ALJ's decision are supported by substantial evidence, and whether the correct legal standards were applied.

2

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with a disability.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).   When a claimant files an application for Disability Insurance Benefits after his insured status expired, the claimant must establish that he became "disabled" prior to the date last insured.   42 U.S.C. § 423(a) and (c); Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990); Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam).

4

Here, Plaintiff filed an application for Disability Insurance Benefits on June 5, 2012.   His insured status expired on March 31, 2011.   Thus, Plaintiff must establish that he became "disabled" on or before March 31, 2011, to be entitled to Disability Insurance Benefits.

3

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

4

Plaintiff disagrees with Finding No. 3 because he believes the ALJ should have also found his anxiety was a "severe" impairment prior to March 31, 2011.   Defendant contends the ALJ's finding is supported by substantial evidence in the record.

5

Finding No. 3 addresses the second step in the sequential evaluation process.  At the second step a claimant must demonstrate he has a "severe" impairment.  20 C.F.R. § 404.1520(a)(4)(ii); <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).  To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. § 404.1509) and "significantly limits" his ability to do one or more basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; <u>Higgs</u>, 880 F.2d at 863.  Alternatively, the claimant must show he suffers from a combination of impairments that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii) and (c).

To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment.  20 C.F.R. § 404.1508; Social Security Ruling 96-4p; Social Security Ruling 96-3p.  Thus, symptoms and subjective complaints alone are not sufficient to establish the existence of a "medically determinable" physical or mental impairment.  Social Security Ruling 96-4p.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas.  20 C.F.R. § 404.1520a(c)(3).  The four broad functional areas are as follows:

1.    Activities of daily living;

2.    Social functioning;

6

       3.       Concentration, persistence, or pace; and

       4.       Episodes of decompensation.

20 C.F.R. § 404.1520a(c)(3).

The degree of limitation in the first three functional areas is rated according to the following five point scale: none, mild, moderate, marked, and extreme.   20 C.F.R. § 404.1520a(c)(4).   The degree of limitation in the fourth functional area is rated according to the following four point scale: none, one or two, three, four or more.   20 C.F.R. § 404.1520a(c)(4). If the degree of limitation in the first three functional areas is found to be "none" or "mild" and the degree of limitation in the fourth area is found to be "none," the mental impairment is considered non-severe, unless the evidence otherwise indicates there is more than a minimal limitation in the claimant's ability to do basic work activities.   20 C.F.R. § 404.1520a(d).

With regard to Plaintiff's anxiety, the ALJ's decision reads as follows:

> Evidence shows the claimant was prescribed Klonopin for symptoms of anxiety prior to March 31, 2011.  Evidence also shows a positive response to medication with no need for formal mental health intervention.   He continues to take Klonopin indicating that he does get good results with the medication or changes would be made.   His primary care physician's assessment of social anxiety in December 2013 is found partially credible, but not for the period prior to March 31, 2011.   State agency program psychologists determined initially and upon reconsideration that the claimant had a medically determinable anxiety disorder.   While the form completed by the psychologists indicates the anxiety disorder was severe, the narrative summary states there was insufficient evidence on which to base an assessment of the claimant's capacity to perform basic work activities through March 31, 2011.   The undersigned finds that the totality of evidence prior to March 31, 2011, shows a medically determinable anxiety disorder, but anxiety was well controlled with medication and therefore a non-severe impairment.   Therefore, prior to March 31, 2011, the claimant had no more than mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation.   The undersigned finds the reference

7

> to a "severe" anxiety-related disorder by the State agency
> psychologists to be in error when considering other evidence.
> (Exhibit 1A and 4A)

(Tr. 14).

Substantial evidence in the record supports the ALJ's finding that prior to March 31, 2011, Plaintiff's anxiety was a medically determinable but non-severe impairment (Tr. 14).   Notably, in making this finding, the ALJ discounted the medical opinions of Plaintiff's primary care physician, Dr. Tackett, and the non-examining State agency program psychologists, Judith LaMarche, Ph.D., and Janet Telford, Ph.D. (Tr. 14-21).   After a thorough review of the record, the undersigned concludes that substantial evidence in the record supports the ALJ's findings regarding the weight accorded to the opinions of Drs. Tackett, LaMarche, and Telford.

Additionally, Plaintiff asserts that the adjudicator at the initial and reconsideration levels determined that he had a severe impairment but failed to "follow the sequential evaluation process until a determination of disability can be reached" as required by Social Security Ruling 96-3p (DN 15).   The undersigned notes that judicial review of cases arising under the Social Security Act is governed by 42 U.S.C. §405(g)[1] and 20 C.F.R. §422.210.   Three conditions must be satisfied to obtain judicial review under 42 U.S.C. §405(g): (1) a final decision of the Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Commissioner may

---

[1]In pertinent part 42 U.S.C. §405(g) provides:

> Any individual, after any final decision of the Commissioner made
> after a hearing to which he was a party, irrespective of the amount
> in controversy, may obtain a review of said decision by a civil
> action commenced within sixty days after the mailing to him of
> notice of such decision...

permit; and (3) filing of the action in the appropriate federal district court.  20 C.F.R. §§422.210(a), (b), (c);  Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991); Ahghazali v. Secretary of Health and Human Serv's., 867 F.2d 921, 924-926 (6th Cir. 1989).  The State agency determinations at the initial and reconsideration levels do not constitute a final decision of the Commissioner after a hearing.  Therefore, the Court lacks jurisdiction to address Plaintiff's claim that the State agency adjudicator failed to comply with Social Security Ruling 96-3p at the initial and reconsideration levels.

In pertinent part, Social Security Ruling 96-3p reads as follows:

> If the adjudicator finds that such symptoms cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe. In addition, if, after completing development and considering all of the evidence, the adjudicator is unable to determine clearly the effect of an impairment(s) on the individual's ability to do basic work activities, the adjudicator must continue to follow the sequential evaluation process until a determination or decision about disability can be reached.

Social Security Ruling 96-3p, 1996 WL 374181, at *2 (July 2, 1996).  The undersigned has reviewed the final decision of the Commissioner and concludes that the ALJ fully complied with Social Security Ruling 96-3p (Tr. 13-23).

5

Next, Plaintiff disagrees with Finding No. 4 which sets forth the ALJ's residual functional capacity determination.  Plaintiff points out "Dr. Tackett states in the medical statement, Exhibit No. 14F page 308, that all of the limitations were present as of March 31, 2011" (DN 15 at 3).

Defendant argues "[t]he ALJ considered Dr. Tackett's opinion that Plaintiff was disabled prior to his March 2011 DLI, and reasonably determined that it was entitled to little or no weight

for the period when Plaintiff had insured status" (DN 20 at 7).   Defendant points out that the ALJ found Dr. Tackett's treatment notes through March 31, 2011, and even as late as April 2013, were inconsistent with his opinion of disability (DN 20 at 7).

In order to establish entitlement to Social Security Disability Insurance Benefits a claimant must establish that he became "disabled" prior to the expiration of his insured status. 42 U.S.C. § 423(a) and (c); Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990); Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (*per curiam*).   Because a claimant must establish disability prior to the expiration of his or her insured status, post-expiration evidence must relate to the claimant's condition prior to the expiration of the date last insured.   Parsons v. Heckler, 739 F.2d 1334, 1340 (8th Cir. 1984); see also King v. Sec'y of Health & Human Serv's., 896 F.2d 204, 205-206 (6th Cir. 1990) (*per curiam*) (court found that claimant was not diagnosed as suffering from degenerative disc disease until six months after date last insured); Siterlet v. Sec'y of Health & Human Serv's., 823 F.2d 918, 920 (6th Cir. 1987) (*per curiam*) (court found evidence "minimally probative" where doctor saw a claimant eight months after the expiration of his insured status).

Here, Dr. Tackett filled out a medical statement regarding Plaintiff's physical limitations on December 27, 2013 (Tr. 308).   On the form, Dr. Tackett indicated Plaintiff could not work; could stand for 15 minutes at one time; sit for 60 minutes at one time; lift 10 pounds on an occasional basis; lift 3 pounds on a frequent basis; occasionally bend; occasionally perform manipulations with the right hand; frequently perform manipulations with the left hand; and would need to frequently elevate his legs during an 8-hour workday (Tr. 308).   Dr. Tackett also

commented that in his medical opinion, based upon by his experience treating Plaintiff and a review of other earlier medical records, the above limitations were present at least as of March 31, 2011 (Tr. 308).

The ALJ conducted a thorough review of the medical and nonmedical evidence in the record (Tr. 13-21).   In pertinent part, the ALJ's decision reads as follows:

> The undersigned carefully considered the opinion of Dr. Tacket, the claimant's treating physician, dated December 27, 2013, including his opinion that the assessed limitations were present at least as of March 31, 2011.   However, Dr. Tackett's treating notes through August 2010, showed normal gait, no skeletal deformity, normal range of motion, and no joint swelling, and reflected no complaints of severe and uncontrolled pain.   However, in February 2011, after being discharged from Dr. Naimoli due to inappropriate drug screening, he had lumbar paraspinal muscle tenderness and arthritic changes in both knees, which were also present in June and October 2011 per treating notes.   Dr. Naimoli's treating notes through November 2010 indicated tenderness to palpation and positive straight leg raise, but strength was 5/5 in all extremities with no atrophy, intact sensation, normal reflexes, normal gait, and negative Romberg.   Overall, the treating notes of Dr. Tackett and Dr. Naimoli do not support the opinion of Dr. Tackett.   Therefore, Dr. Tackett's opinion is given little to no weight for the period prior to March 31, 2011.

(Tr. 21).   The above analysis does not comport with applicable law because the ALJ failed to explain why Dr. Tackett's opinion was not entitled to controlling weight (Tr. 14, 21).   20 C.F.R. § 404.1527(c)(2); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).   However, the ALJ's decision does implicitly provide sufficient reasons for rejecting the treating source's opinion.   *See* Hall v. Comm'r of Soc. Sec., 148 F. App'x 456, 464 (6th Cir. 2005).   Therefore, the ALJ's violation of the procedural requirements pertaining to the controlling weight test should be deemed harmless error.   The ALJ's explanation why Dr. Tackett's opinion received little weight comports with applicable law because the ALJ considered the factors identified in 20 C.F.R. §

11

404.1527(c)(2)-(6), and she set forth good reasons for the weight given to the treating physician. Gayheart, 710 F.3d at 376.   Additionally, the ALJ's findings regarding the weight accorded to the December 27, 2013 opinion of Dr. Tackett are supported by substantial evidence in the record.

6

Next, Plaintiff has submitted medical records from an orthopedic surgeon, Frederick G. Robbe, MD, that address treatment he received in March and April of 2015 (DN 15 at 3).   Plaintiff is asking the Court to review this medical evidence regarding his knees because he "feels" it shows his disabilities were apparent at least as of March 31, 2011 (DN 15 at 3).

Defendant argues the Court can only consider this new evidence for the limited purpose of determining whether Plaintiff is entitled to a sentence six remand (DN 20 at 8-9).   Defendant asserts that a sentence six remand is not appropriate because the evidence is not material as it addresses Plaintiff's condition four years after expiration of his insured status (DN 20 at 8-9).

The medical records prepared by Dr. Robbe and Kenneth Parker, P.A., are not part of the administrative record that the ALJ considered when she issued her decision.   Apparently, this is the first time that Plaintiff submitted this evidence in connection with his claim for Disability Insurance Benefits.   The law in the Sixth Circuit is well settled: a district court cannot consider new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner.   *See* Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).   However, if a plaintiff demonstrates the new evidence is material and that there is good cause for failing to present it to the Administrative Law Judge, then sentence six of 42 U.S.C. § 405(g) authorizes a district court to order a prejudgment

remand of the case to the Commissioner with instructions to consider the new evidence in connection with the plaintiff's application for benefits.   Cline, 96 F.3d at 148; Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994).

The undersigned will construe the submission of the new medical evidence as a motion for a prejudgment remand, under sentence six, because Plaintiff is proceeding *pro se*. Unquestionably, the medical evidence from Dr. Robbe is new.   However, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (per curiam). The medical evidence from Dr. Robbe indicates on April 14, 2015, Plaintiff underwent a left total knee arthroplasty to address severe end-stage osteoarthritis with severe varus deformity and varus thrust (DN 15-1 at 5).   Clearly, this new medical evidence depicts a deterioration of the osteoarthritis in Plaintiff's left knee which the ALJ concluded was a severe impairment through the date last insured, March 31, 2011 (Tr. 13).   Since Plaintiff cannot demonstrate the new evidence is material, he is not entitled to a prejudgment remand under sentence six.

### ORDER

**IT IS HEREBY ORDERED** that judgment is granted for the Commissioner.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a prejudgment remand under sentence six of 42 U.S.C. § 405(g) is **DENIED**.

Copies:      Tony Martin Lamb, *pro se*
             Counsel

13